CHRISTOPHER BROOKS, ADMINISTRATOR OF ELIZABETH C.
BRADFORD, DECEASED, MARY OLIVER, ET AL.,

*vs.*

ABRAHAM EGBERT.

*New Castle, Feb. T.* 1840.

A voluntary trustee, without contract for compensation, is not entitled to
it in equity; though he will be allowed his expenses and saved from
loss.

BILL AGAINST TRUSTEE FOR ACCOUNT—COMPENSATION.—
Mary Oliver, one of the complainants, having a judgment
against James Bradford for $2,191.41, assigned it to the
defendant *in trust* for Bradford's wife, Elizabeth C. Brad-
ford, (who was sister of the complainant, Mary Oliver,) for
her separate use during her lifetime, and after her death
for her children. The trustee received under this judg-
ment, from time to time, large sums of money, and dis-
bursed the same, or part thereof, according to the trusts of
the assignment; but, having been involved in several law-
suits in defence of the judgment, which was attacked by
other creditors of James Bradford as being without con-
sideration, and having incurred great trouble and expense
in the premises, the trustee claimed to be allowed there-
for out of the fund.

The bill was filed by Mary Oliver, by Christopher
Brooks, Administrator of Elizabeth C. Bradford, now de-
ceased, and by her children, for an account of the trust
fund. The only issue raised by the answer was upon the
claim for an allowance to the trustee.

A declaration of trust had been executed by the trustee,
which, being lost at the time of filing the bill, was not set

forth. The declaration being afterward found, it was made part of the case by a supplemental bill. It recited the assignment of the judgment, and declared that it was made " for the express purpose of its proceeds being applied unto Elizabeth Bradford, and after her decease to her children ;" and it covenanted, on the part of the trustee, that he " would use his endeavors to apply all the aforesaid monies that might come into his possession for the true intent and meaning of the said assignment, and to account for the same as it might come to his hands, and, if possible, to be applied in the purchase of part of the farm of James Bradford, which will soon be sold on account of certain judgments."

The cause came before the Chancellor, at the Feb T. 1840, for a hearing upon the bill, answer and exhibits.

*J. Wales,* for the complainant.

The office of a voluntary trustee is wholly honorary ; and it is fully settled that he is entitled to no compensation, in the absence of a stipulation for its allowance. *Green vs. Winter,* 1 *John. Ch. Rep.* 39; *Manning vs. Manning, ib.* 527. The proof of extraordinary trouble to the trustee in this case is unsatisfactory ; but were it otherwise, that forms no ground for an exception to the rule. The trustee, having voluntarily undertaken the trust, must accept it with all its incidents and perform it.

*G. B. Rodney,* for the defendant.

The general doctrine relied on for the complainant is not denied. But the rule is considered a hard one ; and, though preserved for the sake of the system, it is constantly departed from, in extraordinary cases, by indirect allowances. Where a person is not strictly and technically a trustee the Court will allow compensation. And the

Court will often indirectly make an allowance to the trustee; as by an allowance to his agent or bailiff. A trustee has been allowed to employ an accountant and pay him out of the trust funds. 3 *P. Wms.* 249; 1 *Vern.* 144, 316; 1 *P. Wms.* 140; 2 *Madd. Ch. Rep.* 158; *Lewen on Trusts*, 449. (24 *Law Lib.* 228).

But further—the services rendered by the defendant did not fall within the trusteeship, as created by the declaration of trust. That only required him to *apply* the trust fund—not to *collect* it—not to enter into a series of lawsuits in defence of the judgment. These were services beyond his undertaking, and for these, at least, he is entitled to compensation. They extended through seven years, exceeded anything contemplated by the parties, and were acknowledged, and remuneration promised, by Mrs. Bradford.

JOHNS, JR., CHANCELLOR.—I would make the trustee some allowance for his care and trouble if I did not feel myself bound by the rule of equity that a voluntary trustee cannot, without a stipulation to that effect, be allowed compensation for his services. I consider that his undertaking bound him, not merely to the passive but to the active exercise of his trust,—to collect, as well as to receive and apply. In stating the account he will be allowed for expenses paid and be saved from loss, but without compensation.

Decree affirmed by the Court of Errors and Appeals, at the June Term, 1840. 3 *Harring. R.* 110.